UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| NOEL TURNER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-0412 |
| | § | |
| BRYAN COLLIER, *et al*, | § | |
| | § | |
| Defendants. | § | |

### **ORDER**

Plaintiff Noel Turner is currently incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). He has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. He has also filed an application for leave to proceed *in forma pauperis*. Because the plaintiff is incarcerated, this case is governed by the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915(b). The PLRA requires prisoners who proceed *in forma pauperis* to pay an initial partial filing fee and then to pay by installment the full balance of the $350 filing fee for indigent litigants. Having reviewed the documents filed by the plaintiff the Court **ORDERS** as follows:

1. Based on the certified inmate trust account statement (Dkt. 4) provided by the plaintiff, the application for leave to proceed *in forma pauperis* (Dkt. 3) is **GRANTED**.

2. The plaintiff is not assessed an initial partial filing fee because the documentation provided in support of his motion shows that he lacks the requisite funds.

3. The plaintiff shall pay the $350 filing fee in periodic installments as required by 28 U.S.C. § 1915(b). The agency having custody of the plaintiff shall collect this amount from the plaintiff's inmate trust fund account or institutional equivalent, when funds are available, and forward it to the Court.

4. The plaintiff is responsible for signing all consents and other documents required by the agency having custody of the plaintiff to authorize the necessary withdrawal from the plaintiff's inmate trust account.

5. Service of process will be withheld pending judicial screening pursuant to 28 U.S.C. § 1915A.

6. No amendments or supplements to the complaint will be filed without prior Court approval. A complete amended complaint will be attached to any motion to amend. Any pleadings or other papers filed in violation of these directives, including any pleadings or other papers which contain any new claims or any new factual allegations not already explicitly raised in: (1) the original complaint, (2) any court-approved amendments or supplements to the original complaint, or (3) in response to an Order for More Definite Statement, shall automatically be STRICKEN from the record without further notice and will be of no force or effect in this lawsuit. Any pleadings or other papers filed in violation of these directives in this paragraph may also subject Plaintiff to other sanctions, including the dismissal of this suit for failure to comply with court orders, if appropriate.

7. All discovery in this case is stayed until the Court enters an order to answer.

8. No motions for appointment of counsel shall be considered until the Court has completed its screening pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2)(B) to determine if the complaint is frivolous, malicious, or fails to state a claim.

9. The plaintiff must notify the court of any change of address by filing a written notice of change of address with the Clerk. Failure to file such notice may result in this case being dismissed for want of prosecution.

## NOTICE TO PLAINTIFF

A. Although you have been granted permission to proceed without prepayment of the filing fee, you must pay the full amount of the filing fee when funds are available under 28 U.S.C. § 1915(b). If you do not wish to pay the full filing fee you must notify the court immediately in writing, by letter or motion, advising that you do not wish to prosecute this civil action. Your notice must be received by the Court within thirty days of the date of this order.

B. Payment of all or any part of the full filing fee will not prevent dismissal of the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. If the case is dismissed on any of those grounds before payment of the entire filing fee, you must still pay the entire filing fee. When a prisoner has had three or more prior actions or appeals dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted, the PLRA prohibits the prisoner from bringing any more actions or appeals *in forma pauperis* unless the prisoner is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

C. State law requires the forfeiture of good conduct time credits as a sanction for any state or federal lawsuit brought by an inmate while in the custody of TDCJ, or confined in county jail awaiting transfer to TDCJ, that is dismissed as frivolous or malicious. *See* TEX. GOV'T CODE § 498.0045.

**The Clerk will send a copy of this order to the parties and will also provide a copy of this order to (1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; and (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793**.

SIGNED at Galveston, Texas, this 19th day of December, 2018.

*George C. Hanks Jr.*
George C. Hanks Jr.
United States District Judge